**COMMONWEALTH OF KENTUCKY**
**MADISON CIRCUIT COURT**
**CIVIL BRANCH**
**DIVISION II**
**CIVIL ACTION NO. 20-CI-00032**
*"Electronically Filed"*

**DAVID KIDROSKE, JR.**                                         **PLAINTIFF**

vs.

**MADISON COUNTY DETENTION CENTER;**
**STEVE TUSSEY, Individually, and in his**
**Capacity as MADISON COUNTY JAILER;**
**THOMAS JONES, Individually, and in his**
**Capacity as MADISON COUNTY ASSISTANT**
**JAILER; SOUTHERN HEALTH PARTNERS,**
**INC. and DEPUTIES JOHN DOE and JANE DOE**       **DEFENDANTS**

---

### ANSWER OF SHP DEFENDANTS

---

Defendant, Southern Health Partners, Inc., ("SHP"), for its Answer to the Complaint, states as follows:

1. In response to the "Introduction" of the Complaint, the contents of that paragraph require neither admission nor denial. To the extent that admission or denial is required, the SHP denies same.

3. The Defendant SHP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs 1 and 2 of the Complaint and, therefore, deniese same.

4. Defendant SHP admits that portion of paragraph 3 of the Complaint as alleges that it may be served at CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601, but denies the remainder of the allegations contained in that paragraph.

Exhibit "C"

5. Defendant SHP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

6. Defendant SHP denies the allegations of paragraphs 5, 6, 7, 9, 10, 11, 12, 13, 14, and 15 of the Complaint to the extent that they are directed at SHP. To the extent that the allegations contained in those paragraphs relate to defendants other than SHP, SHP is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations and, therefore, denies same.

8. Defendant SHP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

25. The Defendant SHP further denies any and all allegations contained in the Complaint not hereinabove specifically admitted.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted against Defendant SHP.

2. The Complaint may have failed to join a party or parties whose joinder is required under Rule 19.

3. The Complaint may be barred by the doctrine of estoppel.

4. The Complaint may be barred by the applicable statute of limitations.

5. The Complaint may be barred by the doctrine of waiver.

6. The Plaintiff may have failed to exhaust administrative remedies as required by law.

7. At all times complained of, Defendant SHP acted in good faith and in conformity with all applicable standards, laws and regulations pertaining to its conduct and with an objectively reasonable belief that its actions were lawful.

8. If the Plaintiff has been damaged as alleged, which is specifically denied, such damage is the result of the actions or omissions of Plaintiff.

9. If the Plaintiff has been damaged as alleged, which is specifically denied, such damage is the result of the negligence of a third party or parties over whom Defendant SHP had no authority or control.

10. The Complaint may be barred by the provisions of the Prison Litigation Reform Act, 42 U.S.C.A. § 1997(e), et seq.

11. The Complaint may be barred by the doctrines of intervening and/or superseding cause.

12. The Complaint may be barred by the doctrines of comparative and/or contributory negligence.

13. The Complaint may be barred in whole or in part for failure to comply with KRS 411.167.

14. The Complaint may be barred by the doctrines of qualified immunity, governmental immunity, qualified official immunity, and the immunity set forth in Chapter 65 of the Kentucky Revised Statutes, the Claims against Local Governments Act.

15. To the extent that the Plaintiff asserts a claim for punitive damages, such claim should be dismissed because a jury, under Kentucky law: (1) is not provided with sufficient standards of clarity for determining the appropriateness and amount of a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the

applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of a punitive damage award, in whole or in part, on the basis of invidious discriminatory characteristics including the residence and wealth of Defendant SHP; (4) is permitted to award punitive damages under a vague and arbitrary standard that does not sufficiently define the conduct or mental state that makes punitive damages permissible; and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard. For the foregoing reasons, a punitive damage award would violate Kentucky law and SHP's Due Process and Equal Protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution, and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment, and the Constitution of the Commonwealth of Kentucky, including, but not limited to, Sections 2, 3, 7, 10, 11, 12, 14, 17 and 26.

16. To the extent that the Plaintiff asserts a claim for punitive damages, such claim should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment of the United States Constitution.

17. Defendant SHP pleads and incorporates by reference each and every affirmative defense provided in the Federal Rules of Civil Procedure, including but not limited to those set forth in Rule 8, or in common law which may be appropriate or applicable upon the facts as they are discovered in this action.

18. Defendant SHP reserves the right to plead further herein and specifically reserves the right to amend this answer to assert any and all other affirmative defenses which facts or further discovery may reveal appropriate.

WHEREFORE, Defendant Southern Health Partners, Inc. prays that the Complaint be dismissed and held for naught; for a trial by jury; for its costs and reasonable attorneys' fees; and for any and all other relief to which it appears properly entitled.

Respectfully submitted,

*s/Margaret Jane Brannon*
Margaret Jane Brannon
Robert Duncan
Jackson Kelly PLLC
175 East Main Street, Suite 500
Lexington, Kentucky 40507
(859) 255-9500
mjbrannon@jacksonkelly.com
*Counsel for Defendant SHP*

# CERTIFICATE OF SERVICE

      I hereby certify that on February 17, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will serve all counsel of record:

Thomas K. Herren
HERREN LAW, PLLC
148 N. Broadway
Lexington, KY 40507
*Counsel for Plaintiff*

D. Barry Stilz
Lynn Sowards Zellen
Ellen L. Black
Kinkead & Stilz, PLLC
301 E. Main St., Suite 800
Lexington, KY 40507
*Counsel for Madison County Defendants*

                                  *s/Margaret Jane Brannon*
                                  *Counsel for Defendant SHP*



**Commonwealth of Kentucky**
**David M. Fernandez, Madison Circuit Clerk**

| | |
|---|---|
| **Case #:** 20-CI-00032 | **Envelope #:** 2244905 |
| **Received From:** MARGARET JANE BRANNON | **Account Of:** MARGARET JANE BRANNON |
| **Case Title:** KIDROSKE, DAVID VS. TUSSEY, STEVE, ET AL | **Confirmation Number:** 105269779 |
| **Filed On** 2/17/2020  3:10:15PM | |

| **#** | **Item Description** | **Amount** |
|---|---|---|
| 1 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $70.00 |