UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DAVID KIDROSKE, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5:20-CV-071-CHB |
| | ) | |
| V. | ) | |
| | ) | |
| MADISON COUNTY DETENTION | ) | **ORDER GRANTING MOTION TO** |
| CENTER, et al., | ) | **REMAND** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff's Motion to Remand. [R. 6]  Defendants have responded indicating that they do not oppose Plaintiff's Motion. [R. 7]  Thus, the matter is ripe for review.

On January 15, 2020, Plaintiff David Kidroske Jr. filed suit against Defendants, Madison County Detention Center; Steve Tussey, individually and in his capacity as Madison County Jailer; Thomas Jones, individually and in his capacity as Madison County Assistant Jailer; Southern Health Partners, Inc.; and Deputies John Doe and Jane Doe. [R. 1-1]  In his complaint, Plaintiff asserted that Defendants violated various Kentucky Administrative Regulations [R. 1-1 ¶¶ 6, 7] and his civil rights under Kentucky Civil Rights laws [R. 1-1 ¶¶ 5, 8, 9].  Defendant Southern Health Partners, Inc. (SHP) removed this action pursuant to 28 U.S.C. §§ 1441; 1446, claiming that this court had federal question jurisdiction under 28 U.S.C. § 1331.  SHP interpreted Plaintiff's Complaint as asserting a claim under 42 U.S.C. § 1983, which it claimed provided the basis for this jurisdiction. [R. 1 ¶ 9]

However, Plaintiff's Complaint does not include a § 1983 claim, or any other claim under federal law.  In fact, the Complaint specifically states that it is bringing claims under "Kentucky Civil Rights law," rather than § 1983. [R. 1-1 ¶ 9]  Plaintiff clarified this in his Motion to Remand. [R. 6]  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).  As Plaintiff's complaint includes no federal claims, the Court does not have jurisdiction to hear the case.

In their Response, Defendants state that they do not object to remanding Plaintiff's state law claims to state court. [R. 7]  However, they request that, "in light of Plaintiff's representation that he is not alleging or making a claim for a violation of federal law and in order to avoid any prejudice to the Defendants in the future, this Court should dismiss with prejudice any claims Plaintiff may have that arise under federal law or the United States Constitution." [R. 7]  Article III provides federal courts jurisdiction to hear only "cases or controversies." U.S. Const. art. III, § 2, cl. 1.  "The party who brings the suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913).  "The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action."  *Loftis v. United Parcel Service*, 342 F.3d 509, 515 (6th Cir. 2003) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994)).  The Court may not address hypothetical claims Plaintiff "may" have (that Plaintiff has not included in his Complaint), much less dismiss them with prejudice.

Accordingly, and the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** as follows:

1.  Plaintiff's Motion to Remand **[R. 6]** is **GRANTED**.

2.  The case shall be remanded back to Madison Circuit Court.

This the 27th day of March, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY